Robert R. Parker, Jr., LL. B.
OSB 216437
111 SW Fifth Avenue
Suite 3150
Portland, OR 97204
503-444-3417
robert@robertparkerlawoffices.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF OREGON**
**PORTLAND DIVISION**

| | |
|---|---|
| **JOSE MORA,** | Civil Action No.: 3:23-cv-1206 JR |
| Plaintiff, | |
| vs. | **COMPLAINT** FIRST AMENDED |
| **TREETOP CONDOMINIUMS OWNERS ASSOCIATION dba TREETOP CONDOMINIUMS HOMEOWNERS ASSOCIATION, AFFINITY GROUP INC. TIM BENINTENDI, individually and representative capacities, JOHN and JANE DOE 1-5, ABC CORP. 1-5,** | |
| Defendants. | |

COMES NOW Plaintiff, JOSE MORA, by and through his undersigned counsel and shows this Court as follows:

JURISDICTION:

1. This and is an action for violations of 42 U.S.C. § 3601 et seq., ("Fair Housing Act" or "FHA") and supplemental state law claims premised on Oregon Revised Statutes § 659A.145, et seq. ("Oregon Fair Housing Act"). This Court has supplemental jurisdiction

COMPLAINT VIOLATIONS OF 42 U.S.C. § 3601; ORS 659A-145; NEGLIGENCE- 1

pursuant to 28 U.S.C. § 1367 to hear and determine Plaintiff's state law claims because those claims are related to the federal causes of action which all arise out of a common nucleus of operative fact.

VENUE:

2. Venue in this case is proper consistent with the provisions of 28 U.S.C. § 1391 because all or a substantial portion of the events giving rise to the Plaintiff's causes of action took place within the District of Oregon.

3. PARTIES:

4. Plaintiff, Jose Mora, is a resident of Clackamas County, Oregon, and a member of a protected class as a Mexican American Citizen.

5. Defendant Treetop Condominiums Owners Association dba Treetop Condominiums Homeowners Associations is upon information and belief, a corporate homeowners associations organized and existing under Oregon law and can be served with the summons and complaint in this matter by serving its registered agent, Tim Benintendi, at its principal place of business located at 4800 Meadows Rd., Ste 300. Lake Oswego, OR 97035.

6. Defendant Affinity Group, Inc., is upon information and belief, a corporate entity organized and existing under the laws of the State of Oregon and can be served with the summons and complaint in this matter by serving its registered agent, Tim Benintendi, at its principal place of business located at 4800 Meadows Rd., Ste 300, Lake Oswego, OR 97035.

COMPLAINT VIOLATIONS OF 42 U.S.C. § 3601; ORS 659A-145; NEGLIGENCE- 2

7. Defendant Tim Benintendi is upon information and belief, a resident of the state of Oregon and can be served with the summons and complaint upon him personally at 4800 Meadows Rd., Suite 300, Lake Oswego, OR 97035 or wherever he can be found within the state of Oregon.

8. Defendants John and Jane Doe 1-5 are sued in their fictional capacity as their true identities are not presently known to the Plaintiff. This complaint will be amended to reflect said true names and identities when Plaintiff is made aware of same.

9. Defendants ABC Corp. 1-5 are corporate entities that are sued in their fictional capacity as their true corporate names and identities are not yet known to the Plaintiff. The complaint will be amended to reflect the true names and identities when Plaintiff is made aware of same.

**COMMON NUCLEUS OF OPERATIVE FACT:**

10. Plaintiff is a 67-year-old American Citizen of Mexican descent who purchased his condominium unit located at 2802 Tree Top Lane, in West Linn, Oregon in 2004 and has resided there continually since its acquisition.

11. Plaintiff's residential condominium unit consists of a detached single car garage and there are an additional seventeen open parking spaces situated on the condominium grounds.

12. When the Plaintiff moved onto the property, he owned a 1992 vehicle that he had kept in his garage since 2004.

13. Sometime in 2015, Plaintiff purchased a 2010 Toyota Prius and parked that vehicle in one of the open spaces situated on the property.

14. In August 2019, Plaintiff's girlfriend moved into his condominium unit with him, and she parked her Toyota Corolla in one of the available open parking spaces on the property.

COMPLAINT VIOLATIONS OF 42 U.S.C. § 3601; ORS 659A-145; NEGLIGENCE- 3

15. Soon after the Plaintiff's girlfriend moved in, Plaintiff began receiving complaints.

16. The first complaint entailed concerns about Plaintiff's girlfriend's small dog, who is blind, well-mannered, and never barked inside the home.

17. Additionally, -Plaintiff began receiving notices from defendant Affinity on behalf of defendant homeowners association that he had "too" many vehicles to which Plaintiff was confounded given that there was nothing listed in the Bylaws of defendant homeowners association that addressed the limit of automobiles that a condominium resident could own or park on the property.

18. Sometime after the 2021 ice storm the notices regarding parking concerns stopped as the vehicle that belonged to Plaintiff's girlfriend had been totaled by a tree that fell on her car during the storm. She subsequently moved out some time after the events involving her car.

19. During the time that Plaintiff was receiving the notices referenced above from defendants Affinity and homeowners' association, Plaintiff noted and began to document other residents at the condominium who had more than one vehicle.

20. Plaintiff noted that there were other Tree Top Condominium owners who had more than one car and was not being subjected to the same notice and complaints that Plaintiff had been besieged.

21. There was one resident, in particular, that caught Plaintiff's attention of a resident owner who had two (2) cars and who did not utilize her garage and she was not subjected to the complaint notice process complained of herein. Plaintiff noted that this condominium unit owner was situated directly across from President of the Board of Directors for Tree Top.

COMPLAINT VIOLATIONS OF 42 U.S.C. § 3601; ORS 659A-145; NEGLIGENCE- 4

22. There appears to be a discrepancy in how defendants administer the notice of violations provisions of their authority given the very distinct differences in how the Plaintiff and the neighbor who lives across from the President of the Board of Directors.

23. Plaintiff again began receiving notices and complaints from defendants regarding the parking situation at the location when no other residents are subjected to the same or similar complaint process or procedure.

24. That defendants sought or otherwise attempted to rectify the obvious discriminatory acts and conduct that had been committed by them against the Plaintiff by attempting to amend the By-Laws of the homeowner's association to address the car parking problems but omitted the most significant aspect of same in that there was still no limit placed on the number of cars and/or trucks that a condominium owner could have parked on the property.

25. Plaintiff has noted that during the holiday seasons one could walk through the property at any given time and find more than fifty (50%) percent of the parking spaces open and available.

26. Sometime after the foregoing, defendants implemented a new system and required owners to register their vehicles with them and to place stickers in the windows of same.

27. Plaintiff requested copies of the Resolution to Amend the By-Laws and sought information to confirm that it was properly considered and voted on by the Board of Directors having a quorum and compliance with Oregon law but was rebuffed and ignored for several months before defendants finally provided the requested recitals along with the form letter requesting Plaintiff to register his vehicles which was promptly complied with.

COMPLAINT VIOLATIONS OF 42 U.S.C. § 3601; ORS 659A-145; NEGLIGENCE- 5

28. Nevertheless, Plaintiff continued to receive complaints and notices regarding his purported parking violations at the premises to which other residents are not being subjected to the same or similar oversight and harassment by defendants that now includes monetary fines which seems clearly motivated by Plaintiff's Mexican ancestry.

29. In an effort to address and hopefully resolve the concerns and frustrations that have evolved during this entire period of sustained harassment by defendants, Plaintiff requested copies of all the complaints and notices that he has been subjected to, but defendants have failed to comply with said requests with the exception of a photo.

30. Plaintiff made a second request for the documentation and to date has not received a response from defendants.

## COUNT I

### VIOLATIONS OF 42 U.S.C. § 3601, et seq.

Plaintiff repeats, realleges and incorporates herein by reference paragraphs 10 thru 30 as if set forth herein verbatim and further complains of the defendants herein as follows:

31. By engaging in the acts set forth herein, defendants, each, and all of them, have injured the Plaintiff in violation of the federal Fair Housing Act set forth at 42 U.S.C. § 3601, et seq. by committing the following discriminatory housing acts:

    a. Discriminating against Plaintiff, a member of a protected class in the provision of serves in connection with housing and parking by harassing the Plaintiff regarding parking of his vehicles through issuance of assessments, penalties, and other adverse notices that impugn the peaceful cohabitation of Plaintiff's premises and further


precluding Plaintiff the equal opportunity to the use and enjoyment of his dwelling in violation of 42 U.S.C. § 3604(f)(3)(b).

b. Disregarding the same or similar conduct by other residents who are not members of a protected class, who regularly engage in the same conduct for which Plaintiff was being subjected but for which the defendants did not then and do not now subject those residents to the same or similar harassment, intimidation and subjection to files, penalties and assessments as impermissibly imposed on the Plaintiff.

c. Intimidating and interfering with Plaintiff's use and enjoyment of his home on account of his exercise of his rights to the peaceful and quiet habitation of his home through parking of his and his then girlfriend's cars in violation of 42 U.S.C. § 3604, in violation of 42 U.S.C. § 3617.

d. Making oral and written statements about the Plaintiff indicating an unlawful preference, limitation, specification, or discrimination against Plaintiff who is a member of a protected class.

e. By discriminating against the Plaintiff through the selective imposition of fines, penalties, assessments and adverse notices of harassment and intimidation and other impediments which impair the quiet use and enjoyment of the residential property.

32. Plaintiff has suffered damages as a direct result and proximate cause of the discriminatory misconduct of the defendants herein, and as such, is an aggrieved person as defined by 42 U.S.C. § 3602(i).

33. The discriminatory actions of defendants were intentional, willful, and taken in flagrant disregard of the rights of the Plaintiff.

COMPLAINT VIOLATIONS OF 42 U.S.C. § 3601; ORS 659A-145; NEGLIGENCE- 7

34. Plaintiff is entitled to equitable relief and compensatory damages in an amount to be determined at trial consistent with the provisions of 42 U.S.C. § 3613 as well as attorney fees and costs consistent with the provisions of 42 U.S.C. § 3613(c).

35. Plaintiff is also entitled to punitive damages pursuant to 42 U.S.C. § 3613(c).

COUNT II

VIOLATIONS OF ORS 659A.145, et seq.

Plaintiff repeats, realleges and incorporates herein by reference paragraphs 10 thru 35 as if set forth herein verbatim and further complains of the defendants herein as follows:

36. By engaging in the actions set forth in paragraphs 10 through 35, realleged herein, defendants have injured the Plaintiff in violation of Oregon's fair housing laws by committing the following discriminatory housing acts:

    a. Discriminating against Plaintiff, a member of a protected class in the provision of serves in connection with housing and parking by harassing the Plaintiff regarding parking of his vehicles through issuance of assessments, penalties, and other adverse notices that impugn the peaceful cohabitation of Plaintiff's premises and further precluding Plaintiff the equal opportunity to the use and enjoyment of his dwelling in violation of ORS 659A.145(2)(c);

    f. Disregarding the same or similar conduct by other residents who are not members of a protected class, who regularly engage in the same conduct for which Plaintiff was being subjected but for which the defendants did not then and do not now subject those residents to the same or similar harassment, intimidation and subjection to files, penalties and assessments as impermissibly imposed on the Plaintiff.

COMPLAINT VIOLATIONS OF 42 U.S.C. § 3601; ORS 659A-145; NEGLIGENCE- 8

g. Intimidating and interfering with Plaintiff's use and enjoyment of his home on account of his exercise of his rights to the peaceful and quiet habitation of his home through parking of his and his then girlfriend's cars in violation of ORS 659A.145, in violation of ORS 659A.145(8).

h. Making oral and written statements about the Plaintiff indicating an unlawful preference, limitation, specification, or discrimination against Plaintiff who is a member of a protected class.

i. By discriminating against the Plaintiff through the selective imposition of fines, penalties, assessments and adverse notices of harassment and intimidation and other impediments which impair the quiet use and enjoyment of the residential property.

37. Plaintiff has suffered damages as a direct result and proximate cause of the discriminatory misconduct of the defendants herein, and as such, is an aggrieved person as defined by ORS 659A.885(10(a).

38. The discriminatory actions of defendants were intentional, willful, and taken in flagrant disregard of the rights of the Plaintiff.

39. Plaintiff is entitled to equitable relief and compensatory damages in an amount to be determined at trial consistent with the provisions of ORS 659A.885 including attorney fees and costs consistent with the provisions of ORAS 659A.885(9).

40. Plaintiff is also entitled to punitive damages pursuant to ORS 659A.885.

COUNT III

NEGLIGENCE

COMPLAINT VIOLATIONS OF 42 U.S.C. § 3601; ORS 659A-145; NEGLIGENCE- 9

Plaintiff repeats, realleges and incorporates herein by reference paragraphs 10 thru 40 as if set forth herein verbatim and further complains of the defendants herein as follows:

41. Defendants owed Plaintiff a duty to govern the housing development in a manner that is free from unlawful discrimination.

42. By the acts complained of herein the Defendants, each, and all of them, have breached that duty by failing to acquaint themselves and their agents with the Fair Housing Laws and the prohibitions against discrimination based on an individual's race, creed, color, or national origin.

43. As a legal result of the defendants' negligent conduct Plaintiff has suffered damages, both real and intangible.

44. Plaintiff is entitled to compensatory damages arising out of the defendants' negligent conduct in an amount to be determined at trial.

WHEREFORE, Plaintiff respectfully pray for judgment against Defendants, each, and all of them and ask the Court to grant the following relief:

1. A trial by jury to determine all factual issues presented herein.
2. That this Court assume jurisdiction over Plaintiff's claims and causes of action.
3. That this Court enter an order that declares the discriminatory practices, polices and/or procedures of Defendants herein violation the Fair Housing Act, 42 U.S.C. 3601-3619, and ORS 659A.145.
4. That this Court enter an order that enjoins Defendants from all practices complained of herein and imposes affirmative injunctive relief requiring the Defendants, their partners, agents, employees and assigns, and all other persons in active concert or participation

with them, to take affirmative steps to provide equal access to the peaceful and quiet habitation of the property without being subjected to unlawful discriminatory acts based on race, creed, color or national origin according to law.

5. On Count One, Plaintiff further prays for a declaration that the discriminatory acts and practices of defendants, as set forth and alleged herein, were in violation of the federal Fair Housing Act, and further pray for compensatory damages, punitive damages, attorney fees and costs.

6. On Count Two, Plaintiff further prays for a declaration that the discriminatory acts and practices of defendants, as set forth and alleged herein, were in violation of the Oregon Fair Housing Act, and further pray for compensatory damages, punitive damages, and attorney fees and costs; and

7. On Count Three, Plaintiff prays for compensatory damages in an amount to be determined at trial; and

8. Any and all such other relief that this Court deems just and proper.

Dated this 17th day of August 2023

**Respectfully submitted,**
**LAW OFFICE OF ROBERT R. PARKER, JR., LL. B., LLC**

**/s/ Robert R. Parker Jr.**

By: Robert R. Parker, Jr.
OSB Number 216437
Attorney for Plaintiff

COMPLAINT VIOLATIONS OF 42 U.S.C. § 3601; ORS 659A-145; NEGLIGENCE- 11